## Ham v. Hudson Coal Company

*Welles, Mumford, Stark & McGrath*, for plaintiff.
*R. S. Houck* and *J. P. Kelly*, for defendant.

HOBAN, J., July 18, 1936.—The "Further Amended Plaintiff's Statement of Claim" now before the court on a rule for more specific statement is the fourth in a series of statements filed in this case in an attempt to state a cause of action on behalf of plaintiff, who is suffering from silicosis, pulmonary fibrosis and "other diseases of the lungs", etc., the acquisition of which it is alleged was due to the negligent conduct of defendant in the operation of the various sections of the mine in which plaintiff was employed. Defendant has raised objections to the form of these various statements on the ground that the aver-

ments were not sufficiently specific to enable it to traverse or demur, thus properly raising either issues of fact or of law.

The objections to the present statement fall into two classes:

1. As to the use of the words "similar impurities" in paragraph 6, "other noxious dusts" in paragraph 8, "other similar substances" in paragraph 14(*b*), "other noxious dusts" in paragraph 14(1), and "other diseases" in paragraph 9.

2. For an alleged failure to specify in his allegations of negligence in paragraph 12 the particular method of violating the anthracite mine laws or the particular section of the Mining Act of June 2, 1891, P. L. 176, or the regulations or rules incorporated therein, supposed to have been violated; also, as to the averment of negligence in paragraph 14(*f*), for a failure to make and enforce rules for proper drilling and mining in order to minimize the creation of noxious dusts.

As to the first classification, we believe that defendant's position is well taken. Defendant feels that the use of the words "similar" and "other" in the various paragraphs indicated may open the door to proofs indicating the existence of other conditions or diseases than those specifically set forth, resulting in bringing into the lawsuit a totally different theory of liability and defense than the theory necessarily involved in the proofs of the existence of silica dust and the disease of silicosis, and which might require defendant to prepare a totally different type of defense. As to these matters, we think defendant is entitled to specific notice of the impurities which are alleged to have resulted in plaintiff's condition and as to the particular nature of the disease or diseases other than silicosis from which he may be suffering.

As to the other disputed averments, we think they are sufficiently specific. In paragraph 12 of the statement, plaintiff avers a violation of article X, sec. 1, and other

sections of the Anthracite Mine Laws, and of the rules which are made a part of the statute, "in that defendant was the owner and operator of the mine in which plaintiff worked, and failed to provide and maintain a constant and adequate supply of pure air for the same." This averment is made in the exact language of article X, sec. 1, of the act. The complaint is of a failure to do what the law requires. The law itself prescribes a definitely measurable minimum standard of air circulation and required methods of measuring and conducting the air flow to safeguard the maintenance of the prescribed standard. These methods are not so many nor so variable that violations of the requirements of the law should not be within the knowledge of defendant. To particularize the details would involve statement of evidence and, of course, plaintiff is not required to plead his evidence. The fact which he alleges is that there was a failure to provide both a constant and adequate supply of pure air, and if plaintiff can prove that fact by proper evidence he has proved at least a violation of the law, whatever may be the subsequent inferences. Nor do we think that the statement is faulty as to paragraph 14(f), that is, the failure to make and enforce rules for proper drilling and mining.

Article XII, rule 1, of the Anthracite Mine Laws, supra, as amended by the Act of June 1, 1915, P. L. 712, sec. 4, is as follows:

"The owner, operator, and superintendent of a mine or colliery shall use every precaution to insure the safety of the workmen in all cases, whether provided for in this act or not".

Paragraph 14(f) of the statement is evidently drawn on the theory that defendant here has not used every precaution to insure the safety of plaintiff as a workman, and if, by proper proof, he can show that in accordance with the standard and usual practice in the industry defendant has failed to provide proper regulations for the conduct of his particular type of work, we think such proof proper under this averment.

Plaintiff in these instances has a heavy burden to meet—that of proving that defendant has not used ordinary care and diligence to keep its working places in as reasonably safe a condition as the nature of the work permits—but we do not believe that he should be required to plead his evidence upon which he relies to prove the alleged failure to use this care and diligence, either by way of his failure to make proper rules or to enforce such rules or others already in force.

The exceptions of defendant to paragraphs 6, 8, 9, 14(b), and 14(1) are, therefore, sustained, but the exceptions to paragraphs 12 and 14(f) are dismissed. We dismiss also the exception to paragraph 14(g). Whether there is or is not a duty as alleged in this paragraph is a question to be argued on demurrer or upon the trial of the case, but we cannot condemn this paragraph on the ground that it is not sufficiently specific.

Now, July 18, 1936, the rule to show cause why a more specific statement of claim should not be filed is made absolute, and plaintiff is allowed 15 days to file an amended statement of claim in accordance with the foregoing opinion.